UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDIE WADE** | **CIVIL ACTION NO. 09-772-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Freddie Wade ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on May 8, 2009. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions, habitual offender adjudication, and sentences. He names Warden N. Burl Cain as respondent.

On October 24, 2003, Petitioner was convicted of one count of attempted oral sexual battery, one count of armed robbery, one count of aggravated rape, and one count of indecent behavior with a juvenile in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender. On June 1, 2004, he was sentenced to life imprisonment at hard labor without benefit of parole, probation,

or suspension of sentence as to the armed robbery conviction as a habitual offender. Petitioner was also sentenced to ten years imprisonment as to the attempted oral sexual battery conviction, life imprisonment as to the aggravated rape conviction, and three and one half years as to the indecent behavior with a juvenile conviction.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his indecent behavior with a juvenile conviction; (2) the offenses should have been severed; (3) the trial court allowed the admission of hearsay evidence; and (4) he was denied due process during his habitual offender adjudication.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 24, 2003 and sentenced on June 1, 2004. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on August 9, 2005. State v. Wade, 39,797 (La. App. 2 Cir. 8/9/05), 908 So.2d 1220. The Supreme Court of Louisiana denied writs of review on June 2, 2006. State v. Wade, (La. 6/2/06), 929 So.2d 1251, 2006-0109. In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the

conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after June 2, 2006 on August 31, 2006.

The federal petition currently before the Court was filed in this Court on May 8, 2009, mailed on May 7, 2009, and signed on May 6, 2009. Since the federal clock began ticking on August 31, 2006, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 31, 2007. This petition was not filed until May 6, 2009 at the earliest, more than one year too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on August 31, 2006 and continued until he filed his first state post conviction relief application in the trial court on January 18, 2007, encompassing approximately 140 days of the limitation period. From that point, the limitation period was tolled until June 20, 2008, when the Supreme Court of Louisiana denied relief.[2] State ex rel. Wade v. State, 2007-1878 (La. 6/20/08),

---

[2] This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

983 So.2d 1266. Petitioner then had approximately 225 days, or until Monday, February 2, 2009 to file his federal petition for a writ of habeas corpus in this Court. Petitioner did not file his petition in this Court until May 6, 2009 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

Furthermore, the federal habeas petition (5:08-cv-1305) Petitioner filed in this Court on August 29, 2009 which was striken on December 16, 2008 for failure to pay the filing fee did not toll the statutory limitation period. The filing of a petition for habeas corpus in federal court does not toll the limitations. See Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should

issue.

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13 day of December 2011.

 

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE